UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
New Albany Division

ALAINA TINGLE-DUNCIL
912 East Street
Madison, IN 47250

Plaintiff

v. Claim No.: 4:23-cv-167

JEFFERSON COUNTY SHERIFF'S DEPARTMENT
317 Walnut St.
Madison, IN 47250

ADVANCED CORRECTIONAL HEALTHCARE, INC.
NURSE WASHINGTON
3922 W Baring Trace
Peoria, IL 61615

Defendant

**AMENDED COMPLAINT AND REQUEST FOR TRIAL BY JURY**

Now into Court comes Plaintiff, Alaina Tingle-Duncil, through undersigned counsel and files this Amended Complaint and Request for Trial by Jury against the Defendants, and alleges as follows:

## I. NATURE OF THE ACTION

Ms. Tingle-Duncil brings this action in order to recover damages based upon:

a. Deprivation of rights protected under 42 U.S.C. § 1983, specifically violations of Ms. Tingle-Duncil's rights extended and guaranteed to her under the Fourteenth Amendment, and supplemental State tort claims.

b. Ms. Tingle-Duncil seeks damages, declaratory judgment, costs and attorney's fees associated with bringing this suit, as well as punitive damages, incurred as a proximate result of the Defendants' actions.

## II. JURISDICTION AND VENUE

1. This suit is brought, and jurisdiction lies pursuant to 28 U.S.C. §§1331, 1343 and 2201. This suit is a legal action for damages pursuant to 42 U.S.C. §1983 and supplemental State tort claims.
2. This Court has jurisdiction over the Supplemental State claims set out herein pursuant to 28 U.S.C. §1367.
3. All Defendants reside, may be found, or transact business within the Southern District of Indiana.
4. This Court has personal jurisdiction over the Defendants who at all times relevant conducted business in Jefferson County, Indiana.
5. Venue is proper in this Court because of the proximity of this Court to Jefferson County, Indiana.

## III. PARTIES

6. Plaintiff, Alaina Tingle-Duncil ("Ms. Tingle-Duncil") is a person of the full age of majority and at all times relevant was incarcerated in the Jefferson County Jail located in Madison, Jefferson County, Indiana.
7. Defendant, Jefferson County Sheriff's Department ("Defendant Department") is a governmental entity of Jefferson County Indiana and is tasked with operating the Jefferson County Jail located in Madison, Jefferson County Indiana.
8. Defendant Washington[1] was at all times relevant a nurse in the medical department of the Jefferson County Jail.
9. Defendant, Advanced Correctional Healthcare, Inc. ("Defendant ACH") is an Illinois corporation authorized and doing business in Indiana, and particularly providing medical

[1] At this time, Defendant Washington's first name is unknown.

staffing, including Nurse Washington, and services at the Jefferson County Jail in the City of Madison, Jefferson County, Indiana.

10. Defendant ACH nor any of its personnel, including Defendant Washington, are a qualified provider under the Medical Malpractice Act, such that an action is required to be filed with the Indiana Department of Insurance's Indiana Patient's Compensation Fund.

## IV. SYNOPSIS

11. The violation and injury occurred when Defendant Department, by and through currently unknown correction officers and Defendant ACH by and through its employee Defendant Washington and possibly other currently unknown ACH employees, placed Ms. Tingle-Duncil in a position whereby she sustained a serious injury while in the care, custody and control of the Jefferson County Sheriff's Department after they had knowledge of potential harm and safety concerns due to her experiencing a serious medical condition. The violation also arises from the delay in medical care for what was an evident severe injury.

## V. FACTS

12. On or about August 9, 2021, Ms. Tingle-Duncil was incarcerated in the Jefferson County Jail. At the time she was incarcerated, Ms. Tingle-Duncil was approximately nine (9) weeks pregnant.

13. On September 28, 2021, Ms. Tingle-Duncil was told by the jail medical staff that her baby had died and had been for approximately three (3) weeks.

14. On October 1, 2021, she was given four different medications intended to induce a miscarriage and sent back to her cell block.

15. At no time prior to receiving the medication was Ms. Tingle-Duncil provided a form, pursuant to IC 16-34-3 which gave her the right to determine the final disposition of the remains of the aborted fetus.
16. Ms. Tingle-Duncil was not provided, in compliance with IC 23-14-54, the disposition policy of the health care facility concerning the disposition of the aborted fetus.
17. Ms. Tingle-Duncil was not offered by Defendant Washington, or any other member of the medical staff, the opportunity to view the fetal ultrasound imaging and hear the auscultation of the fetal heart tone if the fetal heart tone is audible or view or refuse to view the offered fetal ultrasound imaging as required by Ind. Code Ann. § 16-34-2-1.1.
18. Defendant Washington, and other Defendant ACH employees servicing the Jefferson County Jail did not possess the educational requirements set forth in 410 IAC 39-6-2.
19. The medical facilities in the Jefferson County Jail do not have the basic medications and equipment required under Indiana law.
20. Ms. Tingle-Duncil was not provided "the name of the physician performing the abortion, the physician's medical license number, and an emergency telephone number where the physician or the physician's designee may be contacted on a twenty-four (24) hour a day, seven (7) day a week basis," as required by Indiana law.
21. Ms. Tingle-Duncil was not advised of "follow-up care by the physician or the physician's designee . . . on an appropriate and timely basis when clinically necessary," as required by Indiana law.
22. Ms. Tingle-Duncil was not advised of the potential for infection and hemorrhage, as required by Indiana law.

23. Within 45 minutes of returning to her cell, Ms. Tingle-Duncil began experiencing excruciating abdominal pain, uncontrollably bleeding vaginally and passing large blood clots. The bleeding was so severe that Ms. Tingle-Duncil bled through her clothes, the pads and adult diapers she was given, her bunk, on the floors of her cell, the dayroom and the bathroom. She took multiple showers to clean herself, until she became too weak to get to the shower. Ms. Tingle-Duncil became very pale and could not eat.

24. Ms. Tingle-Duncil requested assistance from currently unknown jail staff who told her they did not care about her situation.

25. Ms. Tingle-Duncil remained in the block for five (5) days where the other inmates cared for her because currently unknown corrections officers and members of the medical staff would not.

26. She was finally taken to a room in the book-in area where she remained confined, alone and without direct access to a shower, for an additional period before finally being taken to the hospital.

27. Despite Ms. Tingle-Duncil's and her cellmates' requests, she was not taken to the hospital for six (6) days.

28. Upon hospital admission, Ms. Tingle-Duncil was diagnosed with an incomplete abortion and received two units of blood.

29. At no time during that period did she receive adequate and timely medical care.

30. Ms. Tingle-Duncil has continued to suffer from anemia because of the blood loss and delayed care.

## VI. <u>CAUSES OF ACTION</u>

**Causes of Action I through III**
**Violations of 42 U.S.C. §1983**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

31. Pursuant to 42 U.S.C. §1983, persons deprived of federal constitutional rights may bring a private action for damages against individual officers and units of local government.

32. In order to prove a claim under 42 U.S.C. §1983, a plaintiff must demonstrate that:

    a. the defendant deprived him of a right secured by the Constitution or any law of the United States, and

    b. the deprivation of that right resulted from the defendant acting under color of law.

33. At all times relevant to this action, all Defendants to this claim were acting under the color of law under their authority, and under color of the statutes, ordinances, regulations, policies, customs, and their acts and/or omissions were conducted within the scope of their official duties or employment.

34. Ms. Tingle-Duncil had, among others, the following clearly established rights at the time of the complained of conduct:

    a. the right to appropriate and timely healthcare while in the care custody and control of the Jefferson County Sheriff's Department

    b. the right to notice and care required under the laws of Indiana, and

    c. the right to bodily integrity and to be free from cruel and unusual punishment.

35. Any reasonable law enforcement officer, unit of local government and correctional medical provider knew or should have known of these rights at the time of the complained of conduct as they were clearly established.

36. A detainee must meet a two-part test to prove a constitutional deprivation of medical care: (1) the defendants acted purposefully, knowingly or perhaps recklessly to his

objectively and sufficiently serious medical needs and (2) that a government official conduct was objectively unreasonable.

37. Defendants are not entitled to qualified immunity for the complained of conduct.

**Cause of Action I**
**Violations of 42 U.S.C. §1983**
**Objectively Unreasonable Policies, Practices, Customs, Training, and/or Supervision**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

38. At all times relevant, the elected sheriff and jail commander were the policymakers for the Jefferson County Sheriff's Department, and in that capacity established policies, procedures, customs, and/or practices for the Jefferson County Sheriff's Office and the Jefferson County Jail.

39. At the time of the complained conduct, Defendant Department and its policy makers knew or should have known of the rights set forth in paragraph 34 above, as they were clearly established.

40. At all times relevant, Defendant Department was responsible for managing and operating the Jefferson County Jail.

41. Defendant Department as custodian of detainees is obligated to exercise reasonable care to preserve the life, health, and the safety and care of the detainees in their care, custody and control.

42. Ms. Tingle-Duncil was harmed by Defendant Department, through its employees' actions in the course and scope of their duties, by their failure and/or refusal to establish and/or follow policies, procedures, customs, and/or practices for the provision of timely and

adequate health care.

43. Defendant Department is properly sued directly under 42 U.S.C. §1983 for the objectively unreasonable unconstitutional decisions, policies, practices, habits, customs, usages, training and/or derelict supervision, ratification, acquiescence and/or intentional failures of its employees which were moving forces in and directly resulted in the complained of constitutional and statutory violations and resulting injuries.

44. Defendant Department and its employees, violated Ms. Tingle-Duncil's Fourteenth Amendment Right to be free from cruel and unusual punishment by their objective unreasonableness to Ms. Tingle-Duncil's needs, specifically by their failure to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department employees in how to provide timely and reasonable medical care to detainees who are in the care, custody and control of the Jefferson County Jail, and particularly to Ms. Tingle-Duncil, by failing to provide medical care for her apparent and clearly evident serious medical condition, to-wit, excessive bleeding for several days before transporting her to the hospital.

45. Defendants Department, and its employees developed and/or maintained policies, procedures, customs, and/or practices exhibiting objective unreasonableness to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Ms. Tingle-Duncil's constitutional and federal rights as set forth herein. These violations resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

46. Defendant Department, by and through its employees acting in their official capacities violated Ms. Tingle-Duncil's Fourteenth Amendment Rights to be free from cruel and

unusual punishment by their objective unreasonableness to inmate needs by their failure and/or refusal to promulgate, implement, maintain and enforce sufficient policies, procedures and/or training of Defendant Department's employees in how to provide timely and reasonable medical care to detainees, and particularly Ms. Tingle-Duncil, who are in the care, custody and control of the Jefferson County Jail and who evidence a clear and apparent serious medical condition and needs.

47. Defendant Department, by and through its employees acting in their official and personal capacities, violated Ms. Tingle-Duncil's Fourteenth Amendment Right to be free from cruel and unusual punishment by their failure and/or refusal to follow policies and/or procedures or in the alternative their following of policies and/or procedures designed to provide detainees, and particularly Ms. Tingle-Duncil, reasonable and timely medical care for her clearly evident and severe medical condition and needs.

48. Defendants Department was objectively unreasonable to detainees' constitutional rights and particularly Ms. Tingle-Duncil's rights by its failure to promulgate, train, implement, enforce, and/or supervise policies and procedures specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Jefferson County Jail.

49. Defendant Department provided objectively unreasonable training and/or policy to currently unknown corrections officers. It further provided objectively unreasonable supervision and/or discipline and was objectively unreasonable in failing to adopt policies and procedures necessary to prevent constitutional violations of Ms. Tingle-Duncil's rights. Its actions and/or inactions were a moving force in and had a direct

causal link to the injuries sustained by Ms. Tingle-Duncil at the hands of currently unknown corrections officers.

50. The acts and/or omissions of Defendant Department as described herein, intentionally deprived Ms. Tingle-Duncil of her constitutional and statutory rights and caused her other damages.

51. As a direct result of Defendant Department's unlawful conduct, Ms. Tingle-Duncil has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages. As a further result of these Defendants' unlawful conduct, Ms. Tingle-Duncil has incurred special damages, including medical expenses and will continue to incur further medical expenses and other special damages related expenses.

52. Ms. Tingle-Duncil has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Ms. Tingle-Duncil is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

53. In addition to compensatory, economic, consequential and special damages, Ms. Tingle-Duncil is entitled to punitive damages against each of the individually named Defendants pursuant to 42 U.S.C. § 1983.

**Cause of Action II**
**Violations of 42 U.S.C. §1983**
**as to Defendant ACH**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 of this Complaint, as if those statements were fully articulated within this cause of action.

54. At the time of the complained conduct, Defendant ACH knew or should have known of the rights set forth in paragraph 34 above, as they were clearly established.

55. At all times relevant, Defendant ACH was contracted to provide medical services at the Jefferson County Jail which qualified it as a quasi-government entity for the purpose of determining it was capable of violating Ms. Tingle-Duncil's rights protected under 42 U.S.C. §1983.

56. Defendant ACH violated Ms. Tingle-Duncil's Fourteenth Amendment Rights to be free from cruel and unusual punishment by failing to properly train and/or have proper policies in place for the direction of its employees in their duties that Ms. Tingle-Duncil was effectively denied access to adequate medical care as required under Indiana law.

57. Defendant ACH violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by and through its employees by performing an abortion procedure in violation of Indiana law, to-wit, its failure to have required medical equipment and medication readily available.

58. Defendant ACH is objectively unreasonable to detainees' constitutional rights and particularly Ms. Tingle-Duncil's rights, to-wit, by its failure to staff the Jefferson County Jail with medical staff possessing the educational requirements under Indiana law to perform an abortion procedure, and as such cause such procedures to occur in violation of Indiana law.

59. Defendant ACH violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, its failure to provide Ms. Tingle-Duncil with legally required contact information of a physician who would provide timely and necessary follow-up care, and by failing to provide timely and necessary follow-up care.

60. Defendant ACH violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, failing to provide information regarding the final disposition of the fetus.

61. Defendant ACH violated Ms. Tingle-Duncil's Fourteenth Rights by its objective unreasonableness to Ms. Tingle-Duncil's sufficiently serious medical need by its failure and refusal to properly train and/or have proper policies in place for the direction of its employees in their duties causing Ms. Tingle-Duncil to unreasonably and needlessly suffer.

**Cause of Action III**
**Violations of 42 U.S.C. §1983**
**as to Defendants Washington and Currently Unknown Officers and Medical Providers**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

62. At the time of the complained conduct, Defendant Washington and currently unknown officers and medical providers knew or should have known of the rights set forth in paragraph 34 above, as they were clearly established.

63. Currently unknown officers were at all times relevant employed by Defendant Department as corrections officers at the Jefferson County Jail.

64. Defendant Washington and currently unknown medical providers were at all times relevant employed by Defendant ACH as medical providers at the Jefferson County Jail.

65. Defendant Washington's status as an employee of Defendant ACH, working at the jail, qualified her as a quasi-government employee for the purpose of determining that she was acting under color of law and capable of violating Ms. Tingle-Duncil's rights

protected under 42 U.S.C. §1983.

66. Defendants Washington and currently unknown officers and medical providers were objectively unreasonable to Ms. Tingle-Duncil's constitutional rights by their failure to follow policies and/or procedures promulgated and implemented by Defendant Department specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in their care, custody and control.

67. Defendant Washington and currently unknown medical providers violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, failing to have required medical equipment and medication readily available.

68. Defendant Washington and currently unknown medical providers violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, failing to have required medical education and training.

69. Defendant Washington violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, her failure to provide Ms. Tingle-Duncil with legally required contact information of a physician who would provide timely and necessary follow-up care.

70. Defendant Washington and medical providers violated Ms. Tingle-Duncil's Fourteenth Amendment Rights by performing an abortion procedure in violation of Indiana law, to-wit, failing to provide information regarding the final disposition of the fetus.

71. Defendant Washington and medical providers were objectively unreasonable to Ms. Tingle-Duncil's constitutional rights for their failure to provide timely and adequate

health care to Ms. Tingle-Duncil for an evident serious medical condition, to-wit, failure to provide timely medical care for excessive bleeding.

72. Defendants Washington and currently unknown officers and medical providers engaged in shocking actions and/or inactions, as described herein, which were willfully malicious and/or reckless, and objectively unreasonable to Ms. Tingle-Duncil's federally protected constitutional rights.

73. Currently unknown officers' actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Ms. Tingle-Duncil's constitutional rights. The actions by the currently unknown officers shocks the conscience and evidences their objective unreasonableness to Ms. Tingle-Duncil's rights under the Fourteenth Amendment to the U.S. Constitution.

74. As a proximate result of Defendant Washington and currently unknown officers and medical providers' unlawful conduct, Ms. Tingle-Duncil has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory, special and punitive damages.

75. As a further result of Defendant Washington and currently unknown officers and medical providers' unlawful conduct, Ms. Tingle-Duncil has incurred special damages, including medically related expenses and will continue to incur further medically and other special damages related expenses. Ms. Tingle-Duncil is therefore entitled to money damages pursuant to 42 U.S.C. §1983 to compensate him for his injuries and for the violations of her constitutional rights.

76. Ms. Tingle-Duncil has, and will continue to suffer in the future, lost earnings and impaired earnings capacity. Ms. Tingle-Duncil is further entitled to attorneys' fees and

costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

77. In addition to compensatory, economic, consequential and special damages, Ms. Tingle-Duncil is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of Ms. Tingle-Duncil's constitutional rights.

**Cause of Action IV through VI**
**Negligence**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

78. The elements of a negligence cause of action consist of (1) a duty owed to the plaintiff, (2) a breach of that duty by defendant (3) which proximately causes (4) plaintiff's damages.

79. A duty exists for the custodian of inmates to exercise reasonable care to preserve the life, health, and safety of the person in custody.

80. As set forth below, the Defendants' breach their duty to Ms. Tingle-Duncil proximately causing her damages.

**Cause of Action IV**
**Negligent Training and Supervision**
**Negligence as to Defendants Department**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

81. At the time of the complained conduct, Defendants Department, and its employees were under a duty to properly train, supervise, investigate and correct improper action of Jefferson County Sheriff's deputies and jail officers.

82. Defendants Department was negligent by its failure to promulgate, train, implement, enforce, and/or supervise policies and procedures specifically establishing a duty to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Jefferson County Jail.

83. Defendants Department, by and through its employees was negligent by its promulgating, training, implementation, enforcement, and/or supervision of policies and procedures which fail to accommodate detainees, and particularly Ms. Tingle-Duncil, who suffer from a serious medical condition and their failure to exercise reasonable care to preserve the life, health and safety of a person in the care, custody and control of the Jefferson County Jail.

84. Defendants Department, by and through its employees acting in their official capacities were negligent by their failure to promulgate, implement, train, maintain, and/or enforce sufficient policies and procedures as to how jail personnel are to provide timely and appropriate medical care to detainees, and particularly Ms. Tingle-Duncil, in the care, custody and control of the Jefferson County Jail who evidence a clearly serious medical condition.

85. Negligent acts of Defendants Department's employees were the direct and proximate cause of the substantial injuries Ms. Tingle-Duncil sustained.

86. As a result of Defendant Department's employees acts and/or failures to act, Ms. Tingle-Duncil endured pain and suffering, emotional trauma, extreme humiliation.

87. Ms. Tingle-Duncil is therefore entitled to money damages to compensate for all of her injuries.

**Cause of Action V**
**Negligence by Advanced Correctional Healthcare**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 of this complaint, as if those statements were fully articulated within the body of this claim.

88. At all times relevant, Defendant ACH was contracted by the Jefferson County Jail to provide medical services at that facility.
89. At all times relevant Defendant ACH employed Defendant Washington and other currently unknown medical providers to provide medical services at the Jefferson County Jail.
90. Defendant ACH owed a duty to Ms. Tingle-Duncil to staff the facility with competent medical personnel with the ordinary skill and knowledge to provide medical services.
91. As set forth above, the medical care and treatment provided to Ms. Tingle-Duncil was negligent, below the appropriate standard of care and in violation of Indiana law.
92. Defendant ACF is liable to Ms. Tingle-Duncil for its failure to properly monitor and supervise its employees.

**Cause of Action VI**
**Negligence on Behalf of Defendants Washington and**
**Currently Unknown Officers and Medical Providers**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 this Complaint, as if those statements were fully articulated within this cause of action.

93. At all times relevant, Defendant Washington was employed by Defendant ACH as a nurse to work in the Jefferson County Jail.

94. By virtue of Defendant Washington's position at the Jefferson County Jail and Ms. Tingle-Duncil's position as a detainee at that facility, Defendant Washington owed a duty to Ms. Tingle-Duncil to exercise ordinary skill and knowledge in providing medical services.

95. Defendant Washington, as a nurse acting in her personal capacity, was negligent and the care she provided Ms. Tingle-Duncil fell below the acceptable standard of care.

96. Nurse Washington, acting in her official and personal capacities, was negligent in failing to follow policies, procedures and Indiana law to protect the safety and welfare of inmates in the Jefferson County Jail. Specifically, she failed to follow Indiana law as to the legally allowed protocol for performing an abortion procedure and to protect Ms. Tingle-Duncil after she began to hemorrhage excessively which required immediate medical attention and blood transfusion all while she treated Ms. Tingle-Duncil who was in the care, custody and control of the Jefferson County Jail.

97. Defendant Washington failed to exercise the ordinary skill and knowledge of a nurse in identifying and diagnosing symptoms, providing appropriate and timely care and, as necessary, referral to a physician when she was incapable treating and caring for the cause of Ms. Tingle-Duncil's complaints.

98. As a proximate result of Defendant Washington's negligence, Ms. Tingle-Duncil incurred medical expenses, additional treatment, related expenses and/or intangible damages of a nature as to require compensation.

99. Defendant Washington is liable to Ms. Tingle-Duncil for her malpractice in negligently failing to refer her to a doctor or hospital for further evaluation and treatment after continued and multiple complaints regarding her condition.

100. The currently unknown officers were negligent in by their care of Ms. Tingle-Duncil in a manner that failed to protect her from harm, thus resulting in additional pain and suffering.

**Cause of Action VII**
**Declaratory Relief**

Ms. Tingle-Duncil re-asserts, re-alleges, and incorporates by reference the statements contained in paragraphs 1 through 30 of this Complaint, as if those statements were fully articulated within this cause of action.

101. A court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

102. Ms. Tingle-Duncil seeks the Court to declare that she was harmed by Defendant Department by its failure to provide a safe facility and adequate health care for an evident and serious medical condition.

103. Ms. Tingle-Duncil seeks the Court to declare that Defendant Department violated her Fourteenth Amendment Rights to be free from cruel and unusual punishment by its failure and/or refusal to promulgate, implement, maintain, enforce and/or follow policies and procedures designed to provide detainees, and particularly Ms. Tingle-Duncil, reasonable and timely medical care and accommodations for clearly evident and serious medical condition and needs.

104. Ms. Tingle-Duncil seeks the Court to declare that Defendants ACH, Washington and currently unknown medical providers performed the abortion procedure, which forms the basis of this litigation, in violation of Indiana law.

105. Ms. Tingle-Duncil seeks the Court to declare that she has been harmed by Defendant Department, through its employees' actions in the course and scope of their duties, by their failure to provide a safe facility and adequate healthcare.

106. Ms. Tingle-Duncil seeks the Court to declare that Defendant Washington, as a nurse acting in her personal capacity, was negligent in that the care she provided to Ms. Tingle-Duncil fell below the acceptable standard of care.

## VII. GENERAL CAUSATION AND DAMAGES

107. As a direct and proximate result of the foregoing Causes of Action, Ms. Ducnil has suffered and continues to suffer irreparable injuries relating to losses of income, property, and wealth and injury to physical and emotional health and general well-being.

108. As a direct and proximate result of the foregoing counts, Ms. Tingle-Duncil has suffered damages as stated herein and, in an amount, to be proven at trial, plus an appropriate amount for his emotional pain and suffering, and punitive damages to be determined.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Alaina Tingle-Duncil, prays this Court grant relief against the named Defendants under her claims as asserted above in the following manner including but not limited to:

a. An award of full, fair and adequate compensation for all injuries, damages and losses sustained and for costs herein laid out and expended;

b. An award of punitive damages in an amount sufficient to deter Defendants from the conduct complained of herein;

c. Declaratory relief as sought herein;

d. An award of reasonable attorney's fees incurred as a result of this litigation;

e. Pre and Post Judgment interest, and

f. For all other necessary and proper relief in the premises.

## IX. DEMAND FOR JURY

Comes now Plaintiff, Alaina Tingle-Duncil, by and through the undersigned counsel, and respectfully requests a trial by jury as to all claims asserted herein.

Respectfully Submitted,

Dated: September 29, 2023

*/s/J. Clayton Culotta*

J. Clayton Culotta, #26733-11
815 E. Market Street
New Albany, IN 47150
Telephone No. (812) 941-8886
Facsimile No. (812) 941-8883
clay@culottalaw.com